1
2
3                        UNITED STATES DISTRICT COURT
4                              DISTRICT OF NEVADA
5                                    * * *
6   ZAIRE G. MICHELL,                          Case No.  2:22-cv-01807-GMN-EJY
7                              Plaintiff,            SCREENING ORDER
                                              FIRST AMENDED COMPLAINT
8          v.
9   CLARK COUNTY DETENTION CENTER, et
    al.,
10                           Defendants.
11

12          Plaintiff Zaire Michell, who is presently a pretrial detainee at Clark County Detention

13   Center ("CCDC"), brings this civil-rights action under 28 U.S.C. § 1983 alleging that his rights

14   under the Eighth and Fourteenth Amendments were violated when he contracted an H. Pylori

15   bacterial infection and was denied diabetic meals and snacks for six months while incarcerated at

16   CCDC.  Michell has paid the full filing fee for this action. (ECF No. 4).  On December 12, 2022,

17   the Court screened Michell's Complaint, dismissing his claims with leave to amend by January

18   12, 2023. (ECF No. 7).  Michell timely filed his First Amended Complaint ("FAC"), (ECF No. 8),

19   which the Court now screens under 28 U.S.C. § 1915A.  The Court finds that the allegations of the

20   FAC fail to state a colorable claim that any official, employee, or medical provider at CCDC made

21   an intentional decision about an unsanitary condition at the facility or about accommodating

22   Michell's dietary medical needs.  Because this is Michell's second attempt to plead these claims,

23   and further leave to amend would be futile, the Court dismisses them with prejudice.

24   I.     **SCREENING STANDARD**

25          Federal courts must conduct a preliminary screening in any case in which an incarcerated

26   person seeks redress from a governmental entity or officer or employee of a governmental entity.

27   *See* 28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and

1   dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be

2   granted, or seek monetary relief from a defendant who is immune from such relief. *See id.*

3   §§ 1915A(b)(1), (2).   *Pro se* pleadings, however, must be liberally construed. *See Balistreri v.*

4   *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim under 42 U.S.C. § 1983,

5   a plaintiff must allege two essential elements: (1) the violation of a right secured by the

6   Constitution or laws of the United States; and (2) that the alleged violation was committed by a

7   person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

8       In addition to the screening requirements under § 1915A, under the Prison Litigation

9   Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the

10  allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on

11  which relief may be granted, or seeks monetary relief against a defendant who is immune from

12  such relief." 28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon

13  which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the

14  Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an

15  amended complaint.  When a court dismisses a complaint under § 1915(e), the plaintiff should be

16  given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear

17  from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v.*

18  *United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

19      Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v.*

20  *Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is

21  proper only if the plaintiff clearly cannot prove any set of facts in support of the claim that would

22  entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making

23  this determination, the Court takes as true all allegations of material fact stated in the complaint,

24  and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma*

25  *Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations of a *pro se* complainant are held to less

26  stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9

27  (1980).  While the standard under Rule 12(b)(6) does not require detailed factual allegations, a

1  plaintiff must provide more than mere labels, conclusions, or a formulaic recitation of the elements

2  of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

3  A reviewing court should "begin by identifying [allegations] that, because they are no more

4  than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662,

5  679 (2009). "While legal conclusions can provide the framework of a complaint, they must be

6  supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court

7  should assume their veracity and then determine whether they plausibly give rise to an entitlement

8  to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-

9  specific task that requires the reviewing court to draw on its judicial experience and common

10 sense." *Id*.

11 Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua*

12 *sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims

13 based on legal conclusions that are untenable, like claims against defendants who are immune from

14 suit or claims of infringement of a legal interest which clearly does not exist, as well as claims

15 based on fanciful factual allegations, like fantastic or delusional scenarios. *See Neitzke v. Williams*,

16 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

17 **II.    SCREENING OF FAC**

18 In his FAC, Michell sues the Clark County Sheriff's Department, Clark County Sheriff's

19 Department Head of Operations/Sheriff, Clark County Detention Center Kitchen Staff/Overseer,

20 and State of Nevada Attorney General. (ECF No. 8 at 1–2). Michell brings two claims and seeks

21 monetary relief. (*Id.* at 3–6). Michell alleges the following.

22 **A.  Factual allegations**

23 Michell served a custodial sentence at CCDC from April 26 to August 21, 2022, and

24 thereafter has been a pretrial detainee at the facility. (*Id.* at 3). Around August 20, 2022, Michell

25 complained that he had severe abdominal pain. (*Id.*) Medical providers took X-rays of Michell

26 and tested his blood, stool, and urine. (*Id.*) On September 15, 2022, Michell was diagnosed with

27 an H. Pylori bacterial infection. (*Id.*) Michell was prescribed medication to treat the infection and

1    related symptoms, which he continues to take. (*Id.*)  Michell "made numerous attempts" to learn

2    how he contracted the infection, but "medical review responses were only evasive[.]" (*Id.*)  The

3    infection caused Michell to suffer mental and physical anguish. (*Id.*)

4        From April 26 to September 1, 2022, Michell was not provided the necessary dietary meal

5    or snack for inmates who have diabetes. (*Id.* at 4).  This omission increased Michell's blood

6    pressure, pulse, and weight. (*Id.*)  Michell's medical dietary needs were met "only after changes

7    were made in the kitchen, and CCDC dietary department." (*Id.*)  Michell suffered physical and

8    mental anguish and was depressed because his medical dietary needs were not met. (*Id.*)

9        Based on these allegations, Michell contends that Defendants neglected his medical and

10   safety needs in violation of the Eighth and Fourteenth Amendments.  The Court liberally construes

11   the FAC as bringing claims based on those two different theories of liability.  The Court addresses

12   each theory below.

13                        **B.  Unconstitutional conditions of confinement**

14       A pre-trial detainee is protected by the Fourteenth Amendment's Due Process Clause,

15   which proscribes "jail conditions or restrictions that 'amount to punishment.'" *Pierce v. Cnty. of*

16   *Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)).

17   "This standard differs significantly from the standard relevant to convicted prisoners, who may be

18   subject to punishment so long as it does not violate the Eighth Amendment's bar against cruel and

19   unusual punishment." *Id.* (citing *Bell*, 441 U.S. at 535 n.16); *accord Olivier v. Baca*, 913 F.3d 852,

20   857–58 (9th Cir. 2019).

21       A pretrial detainee's claims challenging unconstitutional conditions of confinement fall

22   under the Fourteenth Amendment's Due Process Clause. *See Gordon v. Cnty. of Orange*, 888 F.3d

23   1118, 1124 & n.2 (9th Cir. 2018).  The Court evaluates Fourteenth Amendment conditions-of-

24   confinement claims under the objective deliberate indifference standard. *See id.*  To establish

25   unconstitutional conditions of confinement, a pretrial detainee must prove that,

26              (i) the defendant made an intentional decision with respect to the
                conditions under which the plaintiff was confined; (ii) those
                conditions put the plaintiff at substantial risk of suffering serious
27              harm; (iii) the defendant did not take reasonable available measures

to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125; *see also Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016).  When evaluating the objective reasonableness of the defendant's conduct, a pretrial detainee may show that "the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 576 U.S. 389, 397–98 (2015).

However, the "treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993).  Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  But "[p]rison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

When determining whether the conditions of confinement meet the objective prong of the Eighth Amendment analysis, the court must analyze each condition separately to determine whether that specific condition violates the Eighth Amendment. *See Wright v. Rushen*, 642 F.2d 1129, 1133 (9th Cir. 1981).  "[T]he deprivation alleged must be, objectively, sufficiently serious" and "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotations and citations omitted).  As to the subjective prong of the Eighth Amendment analysis, prisoners must establish prison officials' "deliberate indifference" to the unconstitutional conditions of confinement to establish an Eighth Amendment violation. *Id.*  When analyzing the conditions of confinement, the court should consider the amount of time to which the prisoner was subjected to the condition. *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005).

Moreover, liability exists in § 1983 suits "only upon a showing of personal participation by the defendant," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), and "[b]ecause vicarious

liability is inapplicable in *Bivens* and § 1983 suits, a plaintiff must plead that each [g]overnment-official defendant, through the official's own individual actions, has violated the constitution." *Iqbal*, 556 U.S. at 676.  And supervisors can be held liable under § 1983 for only (1) "their own culpable action or inaction in the training, supervision, or control of [their] subordinates;" (2) "their acquiescence in the constitutional deprivation of which a complaint is made; or" (3) "for conduct that showed a reckless or callous indifference to the rights of others.'" *Hyde v. City of Willcox*, 23 F.4th 863, 874 (9th Cir. 2022) (quoting *Cunningham v. Gates*, 229 F.3d 1271, 1292 (9th Cir. 2000)).

Based on the allegations under Claim 1, Michell served a custodial sentence at CCDC from April 26 to August 21, 2022, and thereafter has been a pretrial detainee at the facility.  Michell was diagnosed with an H. Pylori bacterial infection on September 1, 2022, when he was a pretrial detainee.  Michell first experienced symptoms of severe abdominal pain around August 20, 2022, when he was serving a custodial sentence.  This claim thus falls under both the Eighth and Fourteenth Amendments.  Michell received medical tests after he complained about abdominal pain and is receiving medicine for the infection and symptoms.  But jail medical staff gave Michell "evasive" answers when he tried to learn how he contracted the infection.

This is Michell's second attempt to plead a claim about unsanitary conditions at CCDC. When the Court dismissed this claim with leave to amend, it cautioned Michell that his vague conclusion about lax sanitation practices in the kitchen did not reasonably suggest that he was exposed to the bacteria from any food or beverage that the kitchen served him, that any individual at CCDC made an intentional decision about sanitation practices that put him at substantial risk of serious harm, or that any individual at CCDC was aware of and disregarded an unsanitary condition at the facility. (ECF No. 7 at 6–7).  The Court instructed Michell that he needed to "plead true facts to show that he was exposed to unsanitary conditions at CCDC and that any staff member is responsible for those conditions." (*Id.* at 9).  Michell has failed to do so.  Because Michell has twice failed to allege facts to plausibly show that any jail official or employee or medical provider made an intentional decision about an unsanitary condition at CCDC, the Court finds that further

1    leave to amend would be futile.  The Court therefore dismisses with prejudice the unconstitutional-

2    conditions-of-confinement claim.

3                    **C.  Deliberate medical indifference**

4            Pretrial detainees may raise inadequate medical care claims under the Fourteenth

5    Amendment's Due Process Clause. *Gordon*, 888 F.3d at 1124.  Courts evaluate these claims under

6    an objective deliberate indifference standard. *Id.* at 1125.  The elements of a pretrial detainee's

7    inadequate medical care claim are:

8                    (i) the defendant made an intentional decision with respect to the
                     conditions under which the plaintiff was confined; (ii) those
9                    conditions put the plaintiff at substantial risk of suffering serious
                     harm; (iii) the defendant did not take reasonable available measures
10                   to abate that risk, even though a reasonable official in the
                     circumstances would have appreciated the high degree of risk
11                   involved—making the consequences of the defendant's conduct
                     obvious; and (iv) by not taking such measures, the defendant caused
12                   the plaintiff's injuries.

13   *Id.*  The third element requires the defendant's conduct to be "objectively unreasonable," a test

14   that turns on the facts and circumstances of each case. *Id.*  A plaintiff must "prove more than

15   negligence but less than subjective intent—something akin to reckless disregard." *Id.*

16           Prisoners, on the other hand, may raise inadequate medical care claims under the Eighth

17   Amendment, which prohibits the imposition of cruel and unusual punishment and "embodies

18   'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v.*

19   *Gamble*, 429 U.S. 97, 102 (1976).  A prison official violates the Eighth Amendment when he or

20   she acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer*, 511 U.S.

21   at 828.  "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective

22   standard—that the deprivation was serious enough to constitute cruel and unusual punishment—

23   and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th

24   Cir. 2012), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 176, 1082–83 (9th Cir.

25   2014).

26           To establish the objective prong, "the plaintiff must show a serious medical need by

27   demonstrating that failure to treat a prisoner's condition could result in further significant injury

                                    7

or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). Serious medical needs include those "that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014).

To satisfy the subjective deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096. "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id*. (internal quotations omitted). A prison official may be held liable only if he or she "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

Based on the allegations under Claim 2, Michell served a custodial sentence at CCDC from April 26 to August 21, 2022, and thereafter was a pretrial detainee at the facility. Michell does not expressly allege that he has diabetes, but it is reasonable to infer from the allegations that he does. From May 26 to September 1, 2022, Michell was not provided diabetic meals and snacks. This claim thus falls under both the Eighth and Fourteenth Amendments. The failure to provide Michell diabetic food caused his blood pressure, pulse, and weight to increase. Michell was provided diabetic meals and snacks after changes were made in CCDC's kitchen and dietary department.

This is Michell second attempt to state a claim about his dietary medical needs. When the Court dismissed this claim with leave to amend, it cautioned Michell that similar allegations failed to reasonably suggest "that any person made an intentional decision about his meals or was aware that he had diabetes and required special meals and disregarded that risk[.]" (ECF No. 7 at 8–9). The Court instructed Michell that he needed to "plead true facts to show that any staff member was aware of and disregarded his need for diabetic meals and snacks." (*Id.* at 9).

Michell arguably alleges that a substantial risk of serious harm existed from the failure to provide him diabetic food. But he fails to allege facts that any jail officer, employee, or medical

1  provider made an intentional decision about his medical dietary needs.  Moreover, Michell's

2  allegation that his needs were met after "changes were made" in the kitchen and dietary department

3  shows that staff took measures to abate the risk to Michell's health.  Because Michell has twice

4  failed to allege facts to plausibly show that any jail official or employee or medical provider failed

5  to take reasonable steps to accommodate his dietary medical needs, the Court finds that further

6  leave to amend would be futile.  The Court therefore dismisses with prejudice the medical-

7  indifference claim.

8  **III.   CONCLUSION**

9       **IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** for failure

10  to state a claim.

11       **IT IS FURTHER** ORDERED that Clerk of the Court will **ENTER JUDGMENT**

12  accordingly and **CLOSE THIS CASE**.

13  DATED:  March 31, 2023

14  _____

15  Gloria M. Navarro, Judge
    United States District Court

16

17

18

19

20

21

22

23

24

25

26

27